UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>PETRA MARTINEZ, et al.,<br><br>Defendants. | Case No. 5:19-cv-01594-EJD<br><br>**ORDER DENYING DEFENDANTS' EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REMANDING CASE TO STATE COURT**<br><br>Re: Dkt. No. 10 |

Presently before the Court is Defendants' emergency ex parte application for a temporary restraining order and order to show cause. For the reasons stated below the Court denies the application and remands the case to the state court.

This matter comes before this Court on Defendants' Notice of Removal from the Superior Court for Monterey County. Dkt. 1 at 13-15.[1] The underlying action is Plaintiff's unlawful detainer action against Defendants. *Id.* at 15. Plaintiff alleges that it owns a property that Defendants have occupied, without Plaintiff's consent, since a foreclosure sale of the property. *Id*. at 13-14. The Notice of Removal asserts that Defendants' rights protected by the First, Fifth, Seventh, Ninth, and Fourteenth Amendments have been infringed and impaired in the state court action. *Id.* at 1-2. Defendants also assert that the underlying action is diverse. *Id.* at 2. Defendants, who are proceeding pro se, seek a temporary restraining order prohibiting Plaintiff and other entities from attempting to sell the property in question. Dkt. 10 at 10.

To obtain a temporary restraining order, a party "must establish that he is likely to succeed

---

[1] Pincites refer to the ECF-added page numbers.
Case No.: 5:19-cv-01594-EJD
ORDER DENYING TEMPORARY RESTRAINING ORDER AND REMANDING CASE
1

on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016) (quoting *Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir.2009)). A temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (quoting *Winter v. Nat. Resources Defense Council*, 555 U.S. 7, 22 (2008)). Where, as here, the application is made ex parte, the moving party must show "'that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition' and certification of 'efforts made to give notice and the reasons why it should not be required.'" *Id.* (quoting Fed. R. Civ. P. 65(b)(1). "Further, '[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim.'" *Hussain v. Ponce*, 2019 WL 1055235, at *1 (C.D. Cal. Jan. 8, 2019) (quoting *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983) and denying application for temporary restraining order).

The Court first considers whether it has subject matter jurisdiction over this case. The Ninth Circuit has held that federal courts lack subject matter jurisdiction when a case has been improperly removed. *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000). Here, Defendants removed their case under 28 U.S.C. § 1443. Dkt. 1 at 1. Removal under § 1443 requires the removing party to satisfy a two-part test. First, they must assert "as a defense . . . rights that are given to them by explicit statutory enactment protecting equal racial civil rights" and, second, they "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

Defendants cannot meet the first prong. They assert that they belong to a discrete class of individuals that are in wrongful eviction actions and are discriminated against by "the attorneys" and "Judges of the Superior Courts of California." Dkt. 1 at 6. They also assert that their rights

Case No.: 5:19-cv-01594-EJD
ORDER DENYING TEMPORARY RESTRAINING ORDER AND REMANDING CASE
2

protected by the First, Fifth, Seventh, Ninth, and Fourteenth Amendments have been violated. But, neither the Notice of Removal nor their Answer makes any reference to rights that are protected as equal racial civil rights by federal statutes, which required for removal under § 1443. Dkt. 1; Dkt. 1-3. Because Defendants cannot satisfy the first prong, the Court finds that removal was improper under § 1443.

The Notice of Removal asserts "DIVERSITY exists in that the Plaintiff is a Delaware entity and the Defendants are California entities." Dkt. 1 at 2. Federal law allows for removal where diversity jurisdiction under 28 U.S.C. § 1332(a) would apply to the underlying state court action. 28 U.S.C. § 1441. Here, even assuming that the parties are diverse, removal would not be appropriate because Defendants make no attempt to show that the amount in controversy requirement has been met. Indeed, the complaint in underlying state court action states that it is for less than $10,000—far less than the $75,000 required for § 1332(a). Dkt. 1 at 13. Accordingly, removal is improper based on diversity jurisdiction.

The Court concludes that this case was improperly removed from the Monterey County Superior Court. It therefore lacks jurisdiction to issue a temporary restraining order. Defendants application for a temporary restraining order is DENIED. Where a court, "at any time before final judgment," determines that it "lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c); *see also U.S. Bank, N.A. as Tr. for Certificate Holders of Banc of Am. Funding Corp. v. Lucore*, 2018 WL 5832197, at *3 (S.D. Cal. Nov. 5, 2018). The Court therefore REMANDS the case to the Monterey County Superior Court. The Clerk shall provide a copy of this order to the Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: May 1, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-01594-EJD
ORDER DENYING TEMPORARY RESTRAINING ORDER AND REMANDING CASE
3